**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaun Rudy Knox,<br><br>　　　　Petitioner,<br><br>v.<br><br>Barbara Von Blanckensee,<br><br>　　　　Respondent. | No. CV-20-00261-TUC-CKJ (EJM)<br><br>**REPORT AND RECOMMENDATION** |

　　　　On June 17, 2020, Shaun Rudy Knox ("Petitioner"), an inmate confined (at that time) in the United States Penitentiary in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks "expungement of [his] inmate disciplinary record, . . . SRO hearings, . . . release from SHU, . . . [and] release . . . to a halfway house for 1 year." Respondent filed a Return and Answer (Doc. 14), and Petitioner did not file a reply.

　　　　Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation.

　　　　While Petitioner was incarcerated at the time of filing his Petition, the Federal Bureau of Prisons Inmate Locator indicates that Petitioner was released from federal custody on November 8, 2021. Petitioner has not filed a notice of address change with the Court as required by LRCiv 83.3(d). *See* Doc. 6 at 3 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court)).

Because Petitioner has already been released from custody, the Petition is now moot and dismissal is appropriate. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Mitchell v. Dupnick*, 75 F.3d 517, 528 (9th Cir. 1996) (same); *see also Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (finding that release of petitioner on parole mooted his petition contending that the parole commission had improperly delayed his release date); *Salazar-Torres v. Benov*, 2014 WL 4960586 (E.D. Cal. Oct. 1, 2014) ("A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus."). Accordingly,

**IT IS HEREBY RECOMMENDED** that the District Court enter an Order dismissing the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) as moot.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-20-261-TUC-CKJ**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 21st day of December, 2021.

_____
Eric J. Markovich
United States Magistrate Judge