**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shaun Rudy Knox, | No. CV-20-00261-TUC-CKJ |
| Petitioner, | **ORDER** |
| v. | |
| Barbara Von Blanckensee, et al., | |
| Respondents. | |

On December 21, 2021, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in which he recommended that the Court deny Shaun Rudy Knox's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 17) The Magistrate Judge advised the parties that written objections to the recommendation were to be filed within fourteen days of service of a copy of the R&R. *Id.* at 2. On January 10, 2022, Petitioner filed a change of address with the Court. (Doc. 18)  On January 14, 2022, out of an abundance of caution, this Court issued an Order directing the Clerk's Office to mail a copy of the R&R to Petitioner's new mailing address.  (Doc. 19) The Court granted Petitioner leave to file an objection to the R&R within fourteen days from the date of service.  *Id.*  As of the date of this Order, no objection has been filed.

**LEGAL STANDARD**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  If a party makes a

1   timely objection to a magistrate judge's recommendation, then the Court is required to

2   "make a de novo determination of those portions of the [report and recommendation] to

3   which objection is made." *Id*. § 636(b)(1).  The statute does not "require[ ] some lesser

4   review by the [Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150

5   (1985).  Rather, the Court is not required to conduct "any review at all . . . of any issue that

6   is not the subject of an objection." *Id*. at 149.

7   The United States Court of Appeals for the Ninth Circuit has reiterated that a district

8   court is not required to review a magistrate judge's report and recommendation where no

9   objections have been filed.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

10   Cir. 2003) ("[T]o the extent de novo review is required to satisfy Article III concerns, it

11   need not be exercised unless requested by the parties").  In other words, if there is no

12   objection to a magistrate judge's recommendation, then this Court may accept the

13   recommendation without review.

14   Petitioner has failed to file an objection to the Magistrate Judge's R&R. While

15   Petitioner has not filed an objection, the Court has independently reviewed the R&R and

16   adopts the recommended findings and conclusions.  The Court will accept the R&R and

17   dismiss the Petition.

**CERTIFICATE OF APPEALABILITY**

19   Before Petitioner can appeal the Court's judgment, a certificate of appealability

20   ("COA") must issue. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); Rule 11(a) of the

21   Rules Governing Section 2254 Cases ("The district court must issue or deny a certification

22   of appealability when it enters a final order adverse to the applicant.")  Under 28 U.S.C. §

23   2253(c)(2), a COA may issue only if the petitioner "has made a substantial showing of the

24   denial of a constitutional right."  The certificate must indicate which specific issue or issues

25   satisfy this showing.  28 U.S.C. § 2253(c)(3).  With respect to claims rejected on the merits,

26   a petitioner "must demonstrate that reasonable jurists would find the district court's

27   assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

28   473, 484 (2000).  For procedural rulings, a COA will issue only if reasonable jurists could

debate whether the petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling.  *Id.*

Upon review of the record, and in light of the aforementioned standards, the Court concludes that a COA shall not issue, as no reasonable jurists could disagree whether the petition states a valid claim of the denial of a constitutional right and this Court was correct in its procedural ruling.  Any future request for a COA must be addressed to the Court of Appeals for the Ninth Circuit.  *See* Fed. R. App. P. 22(b).

**IT IS ORDERED:**

1.  The Report and Recommendation (Doc. 17) is ADOPTED.

2.  The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody is DISMISSED.

3.  A Certificate of Appealability shall not issue.

4.  The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 18th day of April, 2022.

Honorable Cindy K. Jorgenson
United States District Judge